IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Carmen Planadeball<br><br>PLAINTIFF<br><br>vs.<br><br>Wyndham Vacation Ownership;<br>Shawyn Maley | Civil No.<br><br>Employment Discrimination; Race and Origin Discrimination; Damages |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

Come now plaintiff, Carmen Planadeball, represented by their undersigned counselors and very respectfully allege and pray as follows:

1. This Court has federal question jurisdiction based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000.e, (Title VII), as amended by the Civil Rights Act of 1991, 42 U.S.C. 1981, ("CRA of 1991"); and the Anti-retaliation proviso of Section 704 (a) of Title VII, and under 28 U.S.C. 1331, 2201, and 2002.

2. Plaintiffs hereby invoke this Court's supplementary jurisdiction to entertain local law claims arising under the same set of operative facts. The local laws claims by plaintiffs are based upon Law No. 100 of June 30, 1959, as amended 29 Laws of PR Anno. 146, et seq. ("Law 100"); the Puerto Rico Antiretaliation Act, the Puerto Rico Bill of Rights, Article II, Section 1 of the Constitution of the Commonwealth of Puerto Rico and Article 1802 and 1803 of the Puerto Rico Civil Code, 31 Laws of P.R. Anno. 5141 and 5142.

3. The proper venue is in this Court.

4. The necessary procedural and administrative requirements to bring this action have been satisfied.

5. Plaintiff, Planadeball is puertorrican and is an individual covered and protected by Title VII.

6. Defendants, Wyndham Vacation Ownership (WVO), at all times relevant, is an employer as defined by the federal and local legislation invoked in this action. As such is liable to plaintiff for the damages claimed in this case. Defendant, Shawyn Maley, ("Maley"), is being sued to respond for his own illegal actions perpetrated against Carmen, he is liable as such under the local laws invoked in this action.

7. Carmen started working for defendant on July, 2009, at the Bonnet Creek, Orlando Florida Offices as a sales person. She was transferred to Rio Mar in January 2010. While her time there, she was subject of unwelcome harassment from co-defendant, Maley, who was his supervisor. She was also subject of discrimination due to race and origin.

8. She was subject of race and origin discriminatory comments like, "you puertorricans are stupid", "you puertorricans are dumb", "there is no difference between a trash can and Puerto Rico", "there is no difference between trash and puertorricans", "puertorricans can't think", "you bunch of fucking niggers". She was also treated as a liar in front of coworkers regarding medical conditions. Also she was subject of disrespectful tone of voice, screaming at Carmen in front of other coworkers. She was also subject to hostile environment having to listen to offensive comments towards coworkers

like, "that lazy fat ass bitch", "that old fart can't sell", etc.    She had to seek medical attention at the State Insurance fund and the Presbyterian Community Hospital.

9.    Her work environment turned so hostile that she had no other reasonable option but seek medical attention.

10.    Carmen has suffered severe damages as a result of defendants' conduct.

11.    Defendants' conduct violates all the federal and local legislation invoked in this action.

12.    Defendants' conduct constitutes origin and race based discrimination, harassment and retaliation.

13.    Defendants' conduct was willful and in reckless disregard to plaintiff's protected rights.

14.    Plaintiffs suffered past and future damages, of economic nature, and other damages such as pain, mental suffering, and anguishes.

15.    Plaintiffs hereby demand trial by jury.  Wherefore, it is respectfully requested from this Honorable Court:

>A.    To enter declaratory judgment stating that the acts complained herein are in violation of Title VII, CRA of 1991, Article II,   Section 1 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico; and Article 1802 of the Puerto Rico Civil Code.

B. That plaintiffs be compensated for all their economic damages and other damages such as mental pain, suffering and anguishes and other damages, in a sum of not less than $1,000,000.00.

C. That compensatory, punitive, liquidated, and any other type of damages applicable be imposed.

D. That attorneys' fees and expert's fees be taxed;

E. That pre- judgment and post judgment interests be imposed;

F. That all costs and all litigation expenses be taxed;

G. That all benefits lost be compensated;

H. That injunction relief be ordered that the illegal and retaliation conduct against Carmen be put to an end;

I. That plaintiff be granted such other further relief as it may be deem appropriate and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 19th of June of 2012.

S/Juan R. Dávila Díaz
Juan R. Dávila Díaz
USDC-PR 224209

134 Mayagüez
Hato Rey, PR 00917
Tel. (787)525-7417
Fax. (787)763-9595
E-Mail: davilajuanr@yahoo.com