IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN PLANADEBALL, <br><br> Plaintiff, <br><br> v. <br><br> WYNDHAM VACATION OWNERSHIP, et al., <br><br> Defendants. | CIVIL NO.: 12-1485 (JAG) |

**OPINION AND ORDER**

Pending before the court is a motion to compel filed by plaintiff Carmen Planadeball ("plaintiff") against defendant Wyndham Vacation Ownership ("Wyndham" or "defendant"). (D.E. 27). Defendant has filed a response in opposition. (D.E. 29).

As an initial matter, plaintiff has not shown that she even attempted to confer with defendant after the latter sent its objections to plaintiff via email. (See D.E. 27-1). As such, it is not readily apparent that plaintiff "has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in [her] motion" in compliance with Local Rule 26(b). Failure to comply with Local Rule 26(b) is a sufficient basis to deny plaintiff's motion. Nevertheless, in the interest of efficiency and judicial economy, the merits of the pending motion to compel will be addressed below and, for the reasons detailed herein, the same is **GRANTED IN PART AND DENIED IN PART**.

**I.   DEPOSITION LOCATION**

A deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6) "requires the responding party to prepare a designated representative so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the

responding entity." Alliance for Global Justice v. Dist. of Columbia, 437 F. Supp. 2d 32, 37 (D.D.C. 2006). Defendant Wyndham, the responding party, designated two executive employees as corporate representatives, both residing in South Florida. Defendant argues that the depositions of its corporate representatives should take place in the Pompano Beach area in South Florida, where its principal place of business is located. On the other hand, plaintiff contends that the depositions should take place in Puerto Rico, where the instant forum is located.

"[B]ecause a non-resident defendant ordinarily has no say in selecting a forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected." In re Outsidewall Tire Litig., 267 F.R.D. 466, 471 (E.D. Va. 2010). Correspondingly, "[i]t is well settled that '[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when, as in this case, the corporation is the defendant." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); see also Magnus Electronics, Inc. v. Masco Corp. of Indiana, 871 F.2d 626, 630 (7th Cir. 1989); C. Wright, A. Miller, M. Kane & R. Marcus, 8A Fed. Prac. & Proc. Civ. § 2112 (3d. ed.) ("The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business."). Plaintiff does not seem to contest that defendant's principal place of business is in Florida. Although she states that "Wyndham's business presence in this forum is substantial" and that Puerto Rico is "the defendant's place of business operations," (D.E. 27, at 2–3), plaintiff in her motion does not appear to contend that defendant's *principal* place of business is in Puerto Rico.

It is true that "this presumption may be overcome, but only where circumstances exist distinguishing the case from the ordinary run of civil cases." Outsidewall, 267 F.R.D. at 472. It is plaintiff's burden to overcome this presumption. See Tailift USA, Inc. v. Tailift Co., Ltd., No. 3:03-CV-0196-M, 2004 WL 722244, at *2 (N.D. Tex. Mar. 26, 2004). The Outsidewall court gave three examples of circumstances under which the presumption that depositions should be taken at the corporation's principal place of business would be overcome: (1) where "the deponent regularly conducts business in the place where his deposition is sought"; (2) "where the governing law of the defendant corporation's principal place of business would prevent the deposition from occurring or otherwise operate to frustrate the deposing party's legitimate discovery-related objectives"; and (3) where "close judicial supervision of the depositions was necessary" to prevent "further violations of court orders." 267 F.R.D. at 472. None of these particular examples are applicable in this case.

Rather, plaintiff points to several factors which she contends "tip the balance in favor of the Puerto Rico deposition location." (D.E. 27, ¶ 9). She points out that the case is pending in the District of Puerto Rico, counsel for both parties are in Puerto Rico, the facts of the case occurred in Puerto Rico, and defendant has a "substantial" business presence in Puerto Rico.[1] Id. Special circumstances, overcoming the presumption in favor of a corporation's principal place of business, arise when "either (i) … taking the depositions at the corporation's principal place of business would be unduly burdensome, or (ii) … by virtue of the corporation's regular course of activity in the alternative location, the burden of requiring the officer or managing agent to be deposed there is minimal and the savings to the deposing party are substantial." Outsidewall,

---

[1] Plaintiff also cites "the nature of the claims (employment discrimination) and the parties' relationship" as factors in favor of taking the deposition of Wyndham's corporate representatives in Puerto Rico, (D.E. 27, ¶ 9), but, without further explanation by plaintiff, it is not readily apparent how said factors constitute special circumstances warranting a departure from the presumption that a Rule 30(b)(6) deposition should be taken at the location of a corporation's principal place of business.

3

267 F.R.D. at 473. As plaintiff herself states, under Rule 30(b)(6) "it is incumbent upon the named organization to designate the person or persons that shall be testifying in its behalf." (D.E. 27, ¶ 4). Plaintiff has not pointed to any specific duty on the part of defendant to name a corporate representative residing in the forum in which litigation is pending.

That the facts of a case occurred in and parties' counsel of record are located in the same forum as the pending litigation hardly constitute special circumstances. Plaintiff's argument that all counsel of record are in Puerto Rico "assumes that Defendant does not have counsel at its principal place of business … and that its local counsel in this District would also have to travel to [South Florida] for the deposition." Tailift USA, 2004 WL 722244, at *2. Moreover, "'the convenience of counsel is less compelling than any hardship to the witnesses.'" Id. (quoting Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp., 203 F.R.D. 98, 108 (S.D.N.Y. 2001)); see also Morin v. Nationwide Fed. Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005) (determining that plaintiffs' reasons for requesting depositions in the forum state—the parties' comparative financial situation and convenience to parties' counsel—were "seemingly unremarkable").

Even assuming that it is true that defendant has a "substantial" business presence in Puerto Rico, as plaintiff contends, that fact alone is insufficient to establish a special circumstance sufficient to overcome the presumption that the depositions should be taken in the location of defendant's principal place of business. As an example of such a special circumstance, the Outsidewall court discussed a deponent who regularly conducted business in the place where the deposition was sought. 267 F.R.D. at 472. In other words, not only did the corporation maintain an office in the location where the deposition was sought but the deponent himself traveled there frequently. The focus is on the hardship to the witness himself. That the

corporation has a substantial business presence in a particular location does not imply that the deponent himself travels there often or even that the deponent has been to the location at all.

Plaintiff cites without elaboration Armsey v. Medshares Mgmt. Services, Inc., 184 F.R.D. 569 (W.D. Va. 1998). The Armsey court determined that the presumption that a defendant should be deposed in its principal place of business was overcome by plaintiffs. As in the instant case, the corporation maintained offices located in the forum state. Unlike Wyndham in the instant case, however, the Armsey court determined that it was likely that the particular deponents traveled for business purposes to the forum; noted that the defendant "consciously chose to avail itself of the services of th[e] court, much in the same way as a plaintiff would," by filing a counterclaim there; and pointed out that "the tone of th[e] litigation to date" made it likely that there would be additional discovery disputes. 184 F.R.D. at 571–72. Thus, Armsey can be distinguished from the instant case.

Given that plaintiff has not alleged that the particular deponents whom defendant has designated travel regularly to Puerto Rico or that the burden of requiring the deponents to be deposed in Puerto Rico would otherwise be minimal, plaintiff has not met her burden of establishing special circumstances sufficient to overcome the presumption in favor of taking the deposition at the corporation's principal place of business. Thus, at the option of plaintiff, she may conduct the Rule 30(b)(6) depositions of the two Wyndham corporate representatives in the location of defendant's principal place of business or by video conference.

## II.  SCOPE OF DISCOVERY

The parties disagree over the appropriate scope of discovery in this case, specifically with respect to permissible topics at the depositions of Wyndham's corporate representatives and the production of documents by defendant. Plaintiff requests documents and testimony concerning complaints, disciplinary actions, and performance reviews concerning her supervisor at

Wyndham, Shawn Maley ("Maley"). Defendant argues that, because individuals do not have a private, non-class cause of action for pattern and practice discrimination, information regarding "all complaints against Mr. Shawyn Maley's [*sic*] for harassment in the workplace" is neither relevant nor reasonably calculated to lead to discoverable evidence. (D.E. 29, at 8). In support, defendant cites Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 759 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999), which held that "individuals do not have a private, non-class cause of action for pattern or practice discrimination under § 1981 or Title VII." At least one court in this district has likewise held that a pattern or practice claim as elaborated in Int'l Broth. of Teamsters v. United States, 431 U.S. 324 (1977), is unavailable in private, non-class suits. Vélez v. Marriott PR Mgmt., Inc., 590 F. Supp. 2d 235, 244 (D.P.R. 2008), on reconsideration in part on other grounds, Civ. No. 05-2108 (RLA), 2009 WL 483137 (D.P.R. Feb. 25, 2009). Under a pattern or practice claim, if a class of plaintiffs first proves that "unlawful discrimination has been a regular procedure or policy followed by an employer or group of employers"—irrespective of whether any of the plaintiffs actually were victims of said procedure or policy—then the plaintiffs have met their prima facie case and the burden shifts to the employer or employers. Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1106 (10th Cir. 2001). Thus, plaintiff in this case cannot allege a pattern or practice claim under the Teamsters framework.

This does not imply, however, that complaints against Maley filed by other individuals are irrelevant to plaintiff's case. It is true that, unlike under the Teamsters framework, "statistics alone cannot establish a *prima facie* case of individual disparate treatment." Lowery, 158 F.3d at 761. Nevertheless, for a hostile work environment claim, "[b]ecause the crucial inquiry focuses on the nature of the workplace environment as a whole, a plaintiff who herself experiences

6

discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000). If plaintiff seeks to prove hostile work environment under the McDonnell Douglas framework, see Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)), events pertaining to a pattern or practice claim "may, … depending on the particular circumstances, be used as additional evidence to meet plaintiff's McDonnell Douglas burden," Vélez, 590 F. Supp. 2d at 245 n.4. Thus, "'notwithstanding the unavailability of a "pattern and practice" theory, … plaintiff[] may still use evidence of systematic or general discrimination in establishing [her] individual discrimination claims' …." Williams v. Johanns, 245 F.R.D. 10, 14 (D.D.C. 2007) (quoting Murphy v. PriceWaterhouseCoopers, LLP, 357 F. Supp. 2d 230, 247 (D.D.C. 2004)), aff'd, 563 F. Supp. 2d 27 (D.D.C. 2008).

Thus, plaintiff's motion to compel is granted with respect to documents and testimony concerning complaints, disciplinary actions, and performance reviews regarding Maley while plaintiff was employed at Wyndham, before the final incident alleged in the complaint occurred. The motion to compel is denied with respect to discovery related to Maley's recruitment, résumé, and background checks, as the relevance of said discovery is not readily apparent. Any supervisory duties and responsibilities that Maley had over plaintiff, however, shall be disclosed. Finally, the motion to compel is granted with respect to discovery regarding Maley's termination, resignation, or transfer, but only to the extent that the documents or testimony contain any assertions concerning the incidents alleged in the complaint or make reference to previous warnings given to Maley related to any race or national origin-based discriminatory remarks or conduct in the workplace.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of March, 2013.

s/Marcos E. López  
U.S. Magistrate Judge